**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| SORENSON COMMUNICATIONS, INC., *et al.*,[1] | ) Case No. 14-14054 ([___]) |
| Debtors. | ) (Joint Administration Requested) |

**DECLARATION OF DAVID HARTIE OF
KURTZMAN CARSON CONSULTANTS LLC REGARDING THE
MAILING, VOTING, AND TABULATION OF BALLOTS ACCEPTING AND
REJECTING THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN**

I, David Hartie, declare and state under the penalty of perjury:

1. I am the Director of Public Securities Services employed by Kurtzman Carson Consultants LLC (the "***Balloting Agent***"),[2] whose business address is 1290 Avenue of the Americas, 9th Floor, New York, NY 10104. I am over the age of 18 and not a party to this action.

2. I and others under my supervision worked with Sorenson Communications, Inc. and its affiliated debtors and debtors in possession (collectively, the "***Debtors***"), and proposed counsel to the Debtors, to solicit votes to accept or reject the *Debtors' Joint Prepackaged Chapter 11 Plan*, dated February 26, 2014 (the "***Plan***"), and continue to tabulate the ballots or master ballots of holders of claims and interests voting to accept or reject the Plan. Except as

---

[1] The Debtors, together with the last four digits of each of the Debtors' federal tax identification number, are: Sorenson Communications, Inc. (0555); Allied Communications, Inc. (3611); CaptionCall, LLC (9444); SCI Holdings, Inc. (9815); Sorenson Communications Holdings, LLC (9866); Sorenson Communications of Canada, ULC (9719); and Sorenson Holdings, Inc. (0427). For the purpose of these chapter 11 cases, the service address for the Debtors is: 4192 South Riverboat Road, Salt Lake City, Utah 84123.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Plan and *Disclosure Statement for the Debtors' Joint Prepackaged Chapter 11 Plan,* dated February 26, 2014 (the "***Disclosure Statement***"), filed contemporaneously herewith.

KE 30229442

otherwise noted, I could and would testify to the following based upon my personal knowledge. I am authorized to submit this Declaration on behalf of the Balloting Agent.

3.The Balloting Agent has considerable experience in soliciting and tabulating votes in prepackaged chapter 11 cases.

**Service and Transmittal of Solicitation Packages and the Tabulation Process**

4.Under the Plan, holders of Class 5 Secured Notes Claims and Class 7 Sorenson Interests (the "**Voting Classes**") are entitled to vote to accept or reject the Plan. No other classes are entitled to vote on the Plan. The Debtors established February 18, 2014, as the record date (the "**Voting Record Date**") for determining which holders of claims and interests within the Voting Classes were entitled to vote on the Plan.

5.With respect to the Class 5 Secured Notes Claims, the Balloting Agent relied on security position reports provided by The Depository Trust Company as of the Voting Record Date to identify the holders of Class 5 Secured Notes Claims entitled to vote to accept or reject the Plan. For the Class 7 Sorenson Interests, the Balloting Agent relied on a list of holders maintained and provided by the Debtors to identify holders of Sorenson Interests as of the Voting Record Date entitled to vote to accept or reject the Plan.

6.In accordance with the solicitation procedures set forth in the *Motion of Sorenson Communications, Inc., et al. for Entry of an Order (A) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (B) Establishing a Plan and Disclosure Statement Objection Deadline and Related Procedures, (C) Approving the Solicitation Procedures, (D) Approving the Confirmation Hearing Notice, and (E) Directing That a Meeting of Creditors Not Be Convened*, the Balloting Agent served the following solicitation package to

holders of claims, or their Nominees, as applicable, and interests in the Voting Classes as of the Voting Record Date:

    (a)    the appropriate ballot or master ballot, as applicable, and instructions for completing and submitting such ballot or master ballot;

    (b)    a pre-addressed, postage pre-paid return envelope; and

    (c)    the Disclosure Statement with all exhibits, including the Plan.

7.    The Balloting Agent transmitted the solicitation packages to holders of claims (or their respective nominees for subsequent delivery to the underlying beneficial holder) by overnight mail or courier, and to holders of interests by overnight mail. All holders of claims and interests entitled to vote on the Plan were transmitted the solicitation packages on or about February 27, 2014.

8.    All ballots or master ballots cast by holders of Class 5 Secured Notes Claims or their Nominees and Class 7 Sorenson Interests must be delivered to the Balloting Agent so as to be actually received no later than March 20, 2014 at 4:00 p.m. (prevailing Eastern Time).

9.    The Balloting Agent has tabulated, and will continue to tabulate, the ballots or master ballots using the following tabulation procedures: (a) each returned ballot will be opened and/or inspected at the Balloting Agent's office; (b) ballots will be date-stamped; (c) all ballots received will then be tabulated. In order for a ballot to be counted as valid, it will require sufficient information to permit the identification of the holder, be signed, and indicate an acceptance or rejection of the Plan. Additionally, regarding the ballots cast by holders of Class 7 Sorenson Interests, the Balloting Agent will record whether each such holder indicated that the holder is or is not an "accredited investor" within the meaning of Rule 501 of Regulation D under the Securities Act of 1933. (All ballots or master ballots that holders of Class 5 Secured Notes Claims received include a certification as to such holders' "accredited investor" status.)

The Balloting Agent will follow the foregoing procedures regarding all ballots or master ballots received. I believe that the foregoing tabulation procedures are standard, reasonable, and customary for purposes of these chapter 11 cases.

10. The Balloting Agent expects to complete a final tabulation of votes to accept or reject the Plan by March 25, 2014.

11. To the best of my knowledge, information and belief, the foregoing information concerning the distribution, submission, and tabulation of ballots or master ballots in connection with the Plan is true.

[*The remainder of this page is intentionally left blank*]

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 3, 2014

_____
David Hartie
Director, Public Securities Services
Kurtzman Carson Consultants, LLC