IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| SORENSON COMMUNICATIONS, INC., *et al.*,[1] | ) Case No. 14-10454 (BLS) <br> ) |
| Debtors. | ) (Joint Administration Requested) <br> ) <br> ) Re: Docket No. 6 |

**ORDER (A) SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL AND PLAN CONFIRMATION HEARING, (B) ESTABLISHING A PLAN AND DISCLOSURE STATEMENT OBJECTION DEADLINE AND RELATED PROCEDURES, (C) APPROVING THE SOLICITATION PROCEDURES, (D) APPROVING THE CONFIRMATION HEARING NOTICE, AND (E) DIRECTING THAT A MEETING OF CREDITORS NOT BE CONVENED**

Upon the motion (the "*Motion*") of the above-captioned debtors (collectively, the "*Debtors*") for entry of this Order:[2] (a) scheduling the Confirmation Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, (b) establishing the Objection Deadline and approving related procedures, (c) approving the Solicitation Procedures, (d) approving the form and manner of the Notice, and (e) directing that the U.S. Trustee not convene the Creditors' Meeting if the Plan is confirmed within 75 days of the Petition Date; and upon the *Declaration of Scott Sorensen in Support of First Day Motions*; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court

---

[1] The Debtors, together with the last four digits of each of the Debtors' federal tax identification number, are: Sorenson Communications, Inc. (0555); Allied Communications, Inc. (3611); CaptionCall, LLC (9444); SCI Holdings, Inc. (9815); Sorenson Communications Holdings, LLC (9866); Sorenson Communications of Canada, ULC (9719); and Sorenson Holdings, Inc. (0427). For the purpose of these chapter 11 cases, the service address for the Debtors is: 4192 South Riverboat Road, Salt Lake City, Utah 84123.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, Plan, or Disclosure Statement, as applicable.

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "*Hearing*"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Confirmation Hearing, at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on April 10, 2014, at 12:00 p.m. prevailing Eastern Time. Any objections to the Disclosure Statement or confirmation of the Plan must be filed by the Objection Deadline.

3. Any objections to the Disclosure Statement or confirmation of the Plan must:

   a. be in writing;

   b. comply with the Bankruptcy Rules and the Local Rules;

   c. state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity;

   d. state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and

e.  be filed with this Court with proof of service thereof and served upon the Notice Parties so as to be actually received by the Objection Deadline.

4. Any objections not satisfying the requirements of this Order shall not be considered and shall be overruled.

5. Pursuant to sections 1125 and 1126 of the Bankruptcy Code and applicable nonbankruptcy law, the Debtors are authorized to continue their prepetition solicitation in respect of the Plan, commenced on February 27, 2014, after the Petition Date. To the extent the Debtors received any acceptances or rejections prior to the Petition Date, the Debtors may count such ballots.

6. To the extent that section 1125(b) of the Bankruptcy Code requires that the Debtors' prepetition solicitation of acceptances for the Plan requires an approved disclosure statement to continue on a postpetition basis, the Court conditionally approves the Disclosure Statement as having adequate information as required by section 1125 of the Bankruptcy Code, without prejudice to any party in interest objecting to the Disclosure Statement at the Confirmation Hearing.

7. The form of the Notice, substantially in the form attached hereto as <u>Exhibit 1</u>, and the Publication Notice, substantially in the form attached hereto as <u>Exhibit 2</u>, and service thereof comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

8. The Debtors are authorized to enter into transactions to cause the Publication Notice to be published in the *New York Times (National Edition)*, *USA Today (National Edition)* and the *Globe & Mail (National Edition)* within five business days following entry of this Order, and to make reasonable payments required for such publication. The Publication Notice,

together with the Notice provided for in the Motion, is deemed to be sufficient and appropriate under the circumstances.

9. The Voting Record Date and the Voting Deadline are approved.

10. The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

11. The ballots, substantially in the form attached hereto as <u>Exhibit 3</u>, are approved.

12. The procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as provided by the ballots are approved.

13. The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to holders of claims that are: (a) unimpaired and conclusively presumed to accept the Plan; or (b) impaired and deemed to reject the Plan.

14. The U.S. Trustee need not and shall not convene a meeting of creditors or equity holders pursuant to section 341(e) of the Bankruptcy Code if the Plan is confirmed within 75 days of the Petition Date.

15. Nothing contained in the Motion or this Order shall be deemed or construed as an admission as to the validity or priority of any claim or lien against the Debtors or any other party or as a waiver of such parties' rights to dispute any claim or lien.

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

Dated: March 4, 2014
Wilmington, Delaware

United States Bankruptcy Judge
The Honorable Brendan L. Shannon